[No. 1498.  Decided November 19, 1894.]

PETER A. WOLD ET AL., *Respondents*, *v.* B. K. MAY, *Appellant*.

WATER RIGHTS — PRIOR APPROPRIATION — SUFFICIENCY OF EVIDENCE.

In an action to enjoin the defendant from interfering with plaintiffs' use of the water of a certain stream, where the issue is as to which of the parties was the prior appropriator thereof, the issue should be resolved in favor of the plaintiffs where positive proof establishes their appropriation from the stream in May, 1881, while the evidence on the part of the defendant shows that his grantor had turned water into the ditch some time between the first of May and the last of November, 1881, being unable to more definitely fix the time, and that he had made no use of the water, except for drinking purposes, up to the time of the sale of his premises to defendant.

The conveyance of an irrigating ditch does not convey any water rights, where the ditch is not at the time of conveyance connected with the creek from which the water is obtained, or is not constructed with sufficient fall to carry the water on the land.

*Appeal from Superior Court, Kittitas County.*

*Pruyn & Ready*, for appellant.

*Mires & Warner* and *Ralph Kauffman*, for respondents.

The opinion of the court was delivered by

DUNBAR, C. J.—Respondents brought this action in the court below to enjoin appellant from interfering with their use of the water of a certain stream in Kittitas county, known as " First creek," one of the tributaries of the Swauk river. Respondents claim to be prior proprietors of 1500 inches of the water of said stream, which they had used and were using for irrigating certain dry and arid lands and for stock and domestic purposes. They alleged that a certain custom prevailed in the locality of said lands; that prior appropriators of the waters of creeks, streams, lakes and springs for such beneficial purposes thereby obtained the prior right to such waters; that appellant had interfered with

their said use of said waters by diverting the same from their irrigating ditch.

Appellant admitted the prevalence of the custom aforesaid, and the dry and arid condition of respondents' lands, but denied the interference with or diversion of said waters.    In his affirmative defense appellant contends that he was entitled to the use of 150 inches of said water of said creek for the irrigation of certain dry and arid lands as against respondents' interests, by reason of the prior appropriation thereof by one Jensen, his predecessor in interest, and asks the court to enjoin respondents from interfering with his use of so much of said waters.    Respondents denied the appropriation of Jensen, and also the dry and arid nature of appellant's lands.    The trial resulted in favor of respondents, and appellant brings the case to this court.

The appellant briefly argues the question of riparian rights, but we think there is no question of riparian rights in this case.    There was no attempt to obtain title to the land by Jensen, May's predecessor, and if there had been, the title to the land was not acquired by May until after the appropriation by the respondents had become complete ; and under the rule laid down by this court in *Isaacs v. Barber, ante, p.*124, May could not interfere with such appropriation. So that the only question to decide in this case is a question of prior appropriation.

We think the statement of the testimony made in appellant's brief is not altogether borne out by the record, for while at first glance it might appear that Jensen marked out the ditch which was afterwards built through his place, in 1879, a careful examination of his testimony shows that the ditch was not actually built, or its construction commenced, until 1881, and that the water was not diverted until between May and November, 1881.    It is true that in answer to the question :    "When did you first go up and mark out that ditch to take out that water?" Jensen replied :    "I went up there in 1879 ;" but he evidently did not intend to testify that he went up there and did anything towards making the ditch or appropriating the water, for in answer to the ques-

tion : " You say you had a man to dig that ditch. You may state whether you took him up to show him where to take the water out," he said, " Yes ;" and when further questioned, "When was that?" the answer was, "Some time in May, 1881." "Did you mark out the place for him to take it out?" "Yes." "He took it from where you marked out?" "Yes." So that it was evident that it was in May, 1881, instead of 1879, that he even went so far as to mark out the ditch.

It appears from Jensen's testimony that this ditch was only a couple or three hundred feet long, and that the water was never turned into it until between May and November of 1881. In answer to the question : "Do you know when it was turned in?" the answer was, "In 1881." Question : "What time in 1881 ?" Answer : "I don't remember exactly ; some time between the 1st of May and the last of November."

It also seems from the testimony of Jensen that this water was not used for irrigating purposes, for when asked : "You may state whether or not that water was used upon any crop of vegetables or anything that year upon the place" (referring to the year 1881), the witness answered : "It wasn't used for any such purpose," but that he drank out of it when he wanted it. Question : "At what time was the water got through that ditch so you could use it for domestic purposes ?" Answer : "I never used it. I sold to May in 1882. I never used it more than a little."

It does not even appear very clearly that there was any water from First Creek in the ditch at the time that he sold it to May ; for in answer to the question : "At the time you sold these premises was there water in that ditch?" the witness said : "Well, I think there was. It was in the spring and there was water all over the whole country there." The witness also testified that his land did not need irrigation, and that he raised a good crop without it.

It is contended by the appellant that when Jensen sold this right of possession and the improvements on this place to the appellant, this ditch was conveyed, although it was

not specifically mentioned. This may be true, but conveyance of a ditch does not necessarily carry with it the conveyance of any water right. If the ditch was not connected with the creek from which the water was obtained, or was not constructed with a sufficient fall so that the water could be carried on to appellant's land by the ditch when it was diverted, it could in no way convey the right to any water, although the ditch itself might be conveyed.

This is about all the testimony there is of any appropriation by Jensen, while there is a great abundance of testimony showing the appropriation by the respondents in May, 1881, both Wold and Munson testifying positively that they diverted the water from First Creek for the purpose of carrying it on their land, in May, 1881, and that the water reached the land aforesaid the next year, the ditch being some fifteen miles long. The testimony is quite extensive, and it is not necessary to specifically review it ; but to our minds it clearly appears that the appropriation by the respondents of 1,500 inches of the water of First Creek was made prior to the appropriation of the appellant.

In coming to this conclusion we have not taken into consideration the appropriation of the water from Swauk Creek proper, but have considered only the divergence from First Creek and the appropriation of the waters of that creek.

The judgment will, therefore, be affirmed.

ANDERS, HOYT, SCOTT and STILES, JJ., concur.